SDB/DAJ/MBZ: USAO 2009R00549

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAY 02 2012

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  CRIMINAL NO. RWT-10-0777 |
| | * |
| MATT NICKA, | *  (Conspiracy to Distribute and Possess |
|   a/k/a Anthony Thacker, | *  with Intent to Distribute 1000 Kilograms |
|   a/k/a Grump, | *  or More of Marijuana, 21 U.S.C. § 846; |
|   a/k/a Matt Smith, | *  Money Laundering Conspiracy, |
|   a/k/a Matt Marino, | *  18 U.S.C. § 1956(h); Maintaining |
|   a/k/a Matt St. John, | *  Drug-Involved Premises, 21 U.S.C. |
|   a/k/a Morrow, | *  § 856; Travel Act, 18 U.S.C. § 1952; |
|   a/k/a Calvin Bartlett, | *  Distribution and Possession with Intent |
|   a/k/a Matthew Johnson, | *  to Distribute Marijuana, 21 U.S.C. § 841; |
|   a/k/a Surfer Dude, | *  Money Laundering, 18 U.S.C. |
| GRETCHEN PETERSON, | *  §§ 1956(a)(1)(B)(1) and (a)(1)(A)(1); |
|   a/k/a Bella, | *  Aiding and Abetting, 18 U.S.C. § 2; |
|   a/k/a Dispatch, | *  Forfeiture, 21 U.S.C. § 853, 18 U.S.C. |
| DAVID D'AMICO, | *  § 982(a)(1)) |
|   a/k/a Joe Bono, | * |
|   a/k/a O.D.B., | * |
|   a/k/a John Franklin, | *  **SECOND SUPERSEDING** |
|   a/k/a John Frankland, | *  **INDICTMENT** |
|   a/k/a Captain Jack, | * |
|   a/k/a Mark Peters, | * |
| JEFFREY PUTNEY, | * |
|   a/k/a Jeffy, | * |
|   a/k/a Tom, | * |
|   a/k/a J.P., | * |
| KEEGAN LEAHY, | * |
| IAN TRAVIS MINSHALL, | * |
| MICHAEL PHILLIPS, | * |
| DANIEL McINTOSH, | * |
|   a/k/a Barfly, | * |
|   a/k/a B-Fly, | * |
| ANTHONY MARCANTONI, | * |
|   a/k/a Mr. Purple, | * |
|   a/k/a The Italian, and | * |
| RYAN FORMAN, | * |
| | * |
|        Defendants | * |
| | * |
| | ****** |

## COUNT ONE

The Grand Jury for the District of Maryland charges that:

1.　　　Between a time unknown to the Grand Jury, but no later than in or about 2001,

and in or about January 2011, in the District of Maryland and elsewhere, the defendants,

**MATT NICKA,**
a/k/a Anthony Thacker,
a/k/a Grump,
a/k/a Matt Smith,
a/k/a Matt Marino,
a/k/a Matt St. John,
a/k/a Morrow,
a/k/a Calvin Bartlett,
a/k/a Matthew Johnson,
a/k/a Surfer Dude,
**GRETCHEN PETERSON,**
a/k/a Bella,
**DAVID D'AMICO,**
a/k/a Joe Bono,
a/k/a O.D.B.,
a/k/a John Franklin,
a/k/a John Frankland,
a/k/a Captain Jack,
**JEFFREY PUTNEY,**
a/k/a Jeffy,
a/k/a Tom,
a/k/a J.P.,
**KEEGAN LEAHY,**
**IAN TRAVIS MINSHALL,**
**MICHAEL PHILLIPS,**
**DANIEL McINTOSH,**
a/k/a Barfly,
a/k/a B-Fly,
**ANTHONY MARCANTONI,**
a/k/a Mr. Purple,
a/k/a The Italian, and
**RYAN FORMAN,**

did knowingly conspire with one another, **Andrew Sharpeta, a/k/a Ken Thomas, a/k/a Bird,**

**Sean Costello, a/k/a Chong, Jeremiah Landsman, a/k/a Jeremy Landsman, Daniel**

2

Fountain, a/k/a Danny Boy,  Adam Constantinides, a/k/a Matthew Thomas Anderson, a/k/a

Mike, a/k/a Ted, a/k/a A.D.D., Joseph Spain, a/k/a Goose, and other persons known and

unknown to the Grand Jury to distribute and possess with intent to distribute 1000 kilograms or

more of a mixture or substance containing a detectable amount of marijuana, a Schedule I

controlled substance, in violation of 21 U.S.C. § 841.

### Manner and Means of the Conspiracy

2.     It was part of the conspiracy that defendants and coconspirators obtained and

transported large quantities of marijuana grown in Canada and northern California to warehouses

in Maryland, where the marijuana was received and divided for distribution in Maryland,

Pennsylvania, Louisiana, Kansas, Florida, Ohio, North Carolina, Georgia, and elsewhere.

3.     It was further part of the conspiracy that the defendants and coconspirators

arranged to transport marijuana and bulk currency payments via aircraft, tractor trailers,

commercial carrier, trains and other vehicles, including at least one vehicle containing a trap

device to secrete items for transport.

4.     It was further part of the conspiracy that the defendants and coconspirators stored

marijuana in warehouses, vehicles and a storage unit, and purchased and rented residences that

were used to store and distribute marijuana and to count and collect cash proceeds from the

marijuana sales.

5.     It was further part of the conspiracy that the defendants and coconspirators used

multiple cellular telephones to communicate and to avoid detection by law enforcement and used

aliases and false identifications to conceal their activities and identities and the source, ownership

and control of proceeds from distributing marijuana.

6.      It was further part of the conspiracy that the defendants and coconspirators would

and did perform various tasks to obtain and distribute marijuana, including but not limited to the

following:

a.      Defendant **MATT NICKA, a/k/a Anthony Thacker, a/k/a Grump,**

**a/k/a Matt Smith, a/k/a Matt Marino, a/k/a Matt St. John, a/k/a Morrow, a/k/a Calvin**

**Bartlett ("NICKA")** supervised and directed other conspirators' activities, recruited

conspirators and obtained large quantities of marijuana in exchange for bulk currency payments.

b.      Defendant **DAVID D'AMICO, a/k/a Joe Bono, a/k/a O.D.B., a/k/a**

**John Franklin, a/k/a John Frankland, a/k/a Captain Jack ("D'AMICO")** and coconspirator

**Andrew Sharpeta, a/k/a Ken Thomas, a/k/a Bird ("Sharpeta")** oversaw day-to-day

operations, collected and bundled monies, arranged for the transportation and storage of

marijuana, received orders for marijuana and transported bulk currency to marijuana suppliers.

c.      Defendant **GRETCHEN PETERSON, a/k/a Bella ("PETERSON")**

received orders for and delivered marijuana, arranged for deliveries to mid-level dealers, and

transported currency.

d.      Defendant **JEFFREY PUTNEY, a/k/a Jeffy, a/k/a Tom, a/k/a J.P.**

**("PUTNEY")** picked up and delivered marijuana, unloaded large shipments of marijuana, and

accessed residences and storage units where marijuana was kept.

e.      Defendants **D'AMICO, KEEGAN LEAHY ("LEAHY"), RYAN**

**FORMAN ("FORMAN")** and coconspirator **Sean Costello, a/k/a Chong ("Chong")** facilitated

the purchase, operation and rental of planes for transporting marijuana and currency.

4

     f.     Defendant **LEAHY** piloted planes used to transport marijuana and currency.

     g.     Coconspirator **Costello** transported marijuana.

     h.     Defendants **IAN TRAVIS MINSHALL ("MINSHALL")** and **MICHAEL PHILLIPS ("PHILLIPS")** and coconspirators **Daniel Fountain, a/k/a Danny Boy ("Fountain"), Adam Constantinides, a/k/a Matthew Thomas Anderson, a/k/a Mike, a/k/a Bossman, a/k/a Ted, a/k/a A.D.D. ("Constantinides")** served as mid-level dealers and distributors.

     i.     Coconspirator **Jeremiah Landsman, a/k/a Jeremy Landsman ("Landsman")** distributed marijuana, brokered other conspirators' purchases of marijuana and maintained several properties used for marijuana distribution.

     j.     Coconspirator **Joseph Spain, a/k/a Goose ("Spain")** drove tractor trailers used to transport marijuana and bulk currency.

     k.     Defendant **DANIEL McINTOSH, a/k/a Barfly, a/k/a B-fly ("McINTOSH")**, owned or partially owned bars in Baltimore, including but not limited to 407 Saratoga Inc., doing business as Sonar, and distributed large quantities of marijuana. Defendant **McINTOSH** facilitated shipments of marijuana to Maryland, picked up and delivered marijuana once it arrived in Maryland, and unloaded large shipments of marijuana.

     l.     Defendant **ANTHONY MARCANTONI, a/k/a Mr. Purple ("MARCANTONI")**, owned or partially owned Ground Control Owings Mills LLC, doing business as Ground Control in Reisterstown, Maryland, and distributed large quantities of marijuana. Defendant **MARCANTONI** used Ground Control to facilitate the drug business,

including as a location to receive and deliver large quantities of marijuana and bulk currency

payments.

          m.     Defendant **FORMAN** introduced, recruited and attempted to recruit

individuals to purchase large quantities of marijuana from **NICKA** and his associates.


21 U.S.C. § 846

<u>**COUNT TWO**</u>

The Grand Jury for the District of Maryland further charges that:

1.      From a time unknown to the Grand Jury but beginning prior to in or about 2003

until at least in or about August 2009, in the District of Maryland and elsewhere, the defendants,

**MATT NICKA,**
**a/k/a Anthony Thacker,**
**a/k/a Grump,**
**a/k/a Matt Smith,**
**a/k/a Matt Marino,**
**a/k/a Matt St. John,**
**a/k/a Morrow,**
**a/k/a Calvin Bartlett,**
**a/k/a Matthew Johnson,**
**a/k/a Surfer Dude,**
**GRETCHEN PETERSON,**
**a/k/a Bella,**
**DAVID D'AMICO,**
**a/k/a Joe Bono,**
**a/k/a O.D.B.,**
**a/k/a John Franklin,**
**a/k/a John Frankland,**
**a/k/a Captain Jack,**
**KEEGAN LEAHY,**
**DANIEL McINTOSH,**
**a/k/a Barfly,**
**a/k/a B-Fly, and**
**RYAN FORMAN,**

did knowingly conspire with each other, **Andrew Sharpeta, a/k/a Ken Thomas, a/k/a Bird,**

**Sean Costello, a/k/a Chong, Jeremiah Landsman, a/k/a Jeremy Landsman, Daniel**

**Fountain, a/k/a Danny Boy and Adam Constantinides, a/k/a Matthew Thomas Anderson,**

**a/k/a Mike, a/k/a Ted, a/k/a A.D.D.,** and other persons known and unknown to the grand jury to

conduct and attempt to conduct financial transactions which in fact involved the proceeds of

specified unlawful activity – to wit, conspiracy to distribute and possession with intent to

distribute controlled substances, in violation of Title 21, United States Code, Section 846, and

distribution and possession with intent to distribute controlled substances in violation of Title 21,

United States Code, Section 841– while knowing that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity and

        a.     with the intent to promote the carrying on of specified unlawful activity, in

violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

        b.     knowing that the transactions were designed in whole and in part to

conceal and disguise the nature, location, source, ownership and control of the proceeds of said

specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### Manner and Means of the Money Laundering Conspiracy

    5.     It was part of the conspiracy that defendants and coconspirators used aliases and

false identifications and created and used shell corporations to hold and hide assets, conduct

financial transactions, title vehicles, convert assets, hide true ownership and the identity of

conspirators, and disguise the nature, source, and control of those assets.

    6.     It was further part of the conspiracy that defendants and coconspirators purchased

and used financial instruments, including but not limited to money orders, and transferred funds

among accounts at multiple financial institutions to promote the distribution of marijuana and

conceal that funds were derived from drug proceeds.

    7.     It was further part of the conspiracy that defendants and their conspirators used

third parties to conduct financial transactions.

    8.     It was further part of the conspiracy that defendants and their conspirators rented

storage and warehouse facilities that were then used in furtherance of the drug conspiracy.

9.     It was further part of the conspiracy that defendants and their conspirators used drug proceeds to purchase and renovate real property that was used to conceal the source of assets and to further the drug conspiracy.

10.     It was further part of the conspiracy that defendants and their conspirators structured financial transactions between each other and other persons to evade Internal Revenue Service ("IRS") filing requirements for transactions involving more than $10,000 in cash payments in a single transaction, and thereby further conceal from the government large cash transactions by drug dealers.

18 U.S.C. § 1956(h)

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

On or about July 31, 2007, in the District of Maryland and elsewhere, the defendants,

**MATT NICKA,**
**a/k/a Anthony Thacker,**
**a/k/a Grump,**
**a/k/a Matt Smith,**
**a/k/a Matt Marino,**
**a/k/a Matt St. John,**
**a/k/a Morrow,**
**a/k/a Calvin Bartlett,**
**a/k/a Matthew Johnson,**
**a/k/a Surfer Dude, and**
**DANIEL McINTOSH,**
**a/k/a Barfly,**
**a/k/a B-Fly,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, namely the wire transfer of funds to purchase sound equipment for Sonar, which involved the proceeds of a specified unlawful activity – to wit, conspiracy to distribute and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and distribution and possession with intent to distribute controlled substances in violation of Title 21, United States Code, Section 841– knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, source, ownership, and control of the proceeds of said specified unlawful activity and that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2

## COUNT FOUR

The Grand Jury for the District of Maryland further charges that:

Between on or about August 31, 2007 and in or about March 2009, in the District of

Maryland, the defendants,

**MATT NICKA,**
**a/k/a Anthony Thacker,**
**a/k/a Grump,**
**a/k/a Matt Smith,**
**a/k/a Matt Marino,**
**a/k/a Matt St. John,**
**a/k/a Morrow,**
**a/k/a Calvin Bartlett,**
**a/k/a Matthew Johnson,**
**a/k/a Surfer Dude, and**
**GRETCHEN PETERSON,**
**a/k/a Bella,**

knowingly used and maintained a place at 4210 Clarkdale Road, Baltimore, Maryland, for the

purpose of distributing and using marijuana, a Schedule I controlled substance.

21 U.S.C. § 856(a)(1)
18 U.S.C. § 2

11

## COUNT FIVE

The Grand Jury for the District of Maryland further charges that:

In or about 2008, in the District of Maryland, the defendant,

**DANIEL McINTOSH,**
**a/k/a Barfly,**
**a/k/a B-Fly,**

knowingly opened, used, and maintained a place on Weldon Avenue, in Baltimore, Maryland, for

the purpose of distributing and using marijuana, a Schedule I controlled substance.

21 U.S.C. § 856(a)(1)
18 U.S.C. § 2

12

## COUNT SIX

The Grand Jury for the District of Maryland further charges that:

Between in or about 2008 and in or about March 2009, in the District of Maryland, the

defendants,

**MATT NICKA,**
**a/k/a Anthony Thacker,**
**a/k/a Grump,**
**a/k/a Matt Smith,**
**a/k/a Matt Marino,**
**a/k/a Matt St. John,**
**a/k/a Morrow,**
**a/k/a Calvin Bartlett,**
**a/k/a Matthew Johnson,**
**a/k/a Surfer Dude, and**
**DANIEL McINTOSH,**
**a/k/a Barfly,**
**a/k/a B-Fly,**

did manage and control a place at 407 East Saratoga Street, in Baltimore, Maryland, d/b/a Sonar,

and did knowingly and intentionally make said place available for use, for the purpose of

unlawfully storing, distributing and using marijuana, a Schedule I controlled substance.


21 U.S.C. § 856(a)(2)
18 U.S.C. § 2

13

## COUNT SEVEN

The Grand Jury for the District of Maryland further charges that:

Between in or about May 2008 and in or about December 2008, in the District of

Maryland and elsewhere, the defendant,

**DANIEL McINTOSH,**
**a/k/a Barfly,**
**a/k/a B-Fly,**

traveled and caused to travel in interstate commerce and used and caused to use a facility in

interstate commerce, by travel between Maryland and California, with the intent to promote,

manage, establish, and carry on, and to facilitate the promotion, management, establishment, and

carrying on of an unlawful activity, said unlawful activity being a business enterprise involving

controlled substances (as defined in section 102(6) of the Controlled Substances Act), and

thereafter did perform or attempt to perform an act to promote, manage, establish, and carry on,

and to facilitate the promotion, management, establishment, and carrying on of said unlawful

activity.

18 U.S.C. § 1952
18 U.S.C. § 2

## COUNT EIGHT

The Grand Jury for the District of Maryland further charges that:

On or about July 15, 2008, in the District of Maryland and elsewhere, the defendants,

**DAVID D'AMICO,**
**a/k/a Joe Bono,**
**a/k/a O.D.B.,**
**a/k/a John Franklin,**
**a/k/a John Frankland,**
**a/k/a Captain Jack,**
**KEEGAN LEAHY, and**
**RYAN FORMAN,**

did unlawfully, willfully, and knowingly conduct and attempt to conduct a financial transaction,

namely the purchase of and transfer of title to a 2000 Lancair IV-P aircraft through the holding

company Air Sky Holdings LLC, which in fact involved the proceeds of specified unlawful activity

– to wit, conspiracy to distribute and possession with intent to distribute controlled substances, in

violation of Title 21, United States Code, Section 846, and distribution and possession with intent

to distribute controlled substances in violation of Title 21, United States Code, Section 841– with

the intent to promote the carrying on of specified unlawful activity and while knowing that the

property involved in the financial transaction represented the proceeds of some form of unlawful

activity.


18 U.S.C. § 1956(a)(1)(A)(i)
18 U.S.C. § 2

15

## COUNT NINE

The Grand Jury for the District of Maryland further charges that:

Between in or about October 2008 and in or about March 2009, in the District of

Maryland, the defendants,

**DAVID D'AMICO,**
**a/k/a Joe Bono,**
**a/k/a O.D.B.,**
**a/k/a John Franklin,**
**a/k/a John Frankland,**
**a/k/a Captain Jack, and**
**JEFFREY PUTNEY,**
**a/k/a Jeffy,**
**a/k/a Tom,**
**a/k/a J.P.,**

knowingly opened, leased, rented, used and maintained a place at 3522 Hickory Avenue, Baltimore,

Maryland, for the purpose of distributing and using marijuana, a Schedule I controlled substance.

21 U.S.C. § 856(a)(2)
18 U.S.C. § 2

16

## COUNT TEN

The Grand Jury for the District of Maryland further charges that:

Between in or about December 2008 and in or about March 2009, in the District of

Maryland, the defendants,

**MATT NICKA,**
**a/k/a Anthony Thacker,**
**a/k/a Grump,**
**a/k/a Matt Smith,**
**a/k/a Matt Marino,**
**a/k/a Matt St. John,**
**a/k/a Morrow,**
**a/k/a Calvin Bartlett,**
**a/k/a Matthew Johnson,**
**a/k/a Surfer Dude, and**
**IAN TRAVIS MINSHALL,**
**a/k/a Travis,**

while managing and controlling a place at 3835 Falls Road, Baltimore, Maryland, as an owner,

lessee, agent, employee, occupant and mortgagee, knowingly and intentionally rented, leased profited

from, and made available for use, said place for the purpose of unlawfully storing and distributing

marijuana, a Schedule I controlled substance.

21 U.S.C. § 856(a)(2)
18 U.S.C. § 2

## COUNT ELEVEN

The Grand Jury for the District of Maryland further charges that:

In or about January 2009, in the District of Maryland and elsewhere, the defendants,

**MATT NICKA,**
**a/k/a Anthony Thacker,**
**a/k/a Grump,**
**a/k/a Matt Smith,**
**a/k/a Matt Marino,**
**a/k/a Matt St. John,**
**a/k/a Morrow,**
**a/k/a Calvin Bartlett,**
**a/k/a Matthew Johnson,**
**a/k/a Surfer Dude, and**
**DAVID D'AMICO,**
**a/k/a Joe Bono,**
**a/k/a O.D.B.,**
**a/k/a John Franklin,**
**a/k/a John Frankland,**
**a/k/a Captain Jack,**

traveled and caused to travel in interstate commerce and used and caused to use a facility in

interstate commerce, by travel between Maryland and California, with the intent to promote,

manage, establish, and carry on, and to facilitate the promotion, management, establishment, and

carrying on of an unlawful activity, said unlawful activity being a business enterprise involving

controlled substances and controlled substances (as defined in section 102(6) of the Controlled

Substances Act), and thereafter did perform or attempt to perform an act to promote, manage,

establish, and carry on, and to facilitate the promotion, management, establishment, and carrying

on of said unlawful activity.

18 U.S.C. § 1952
18 U.S.C. § 2

18

## COUNT TWELVE

The Grand Jury for the District of Maryland further charges that:

In or about March 2009, in the District of Maryland and elsewhere, the defendants,

**GRETCHEN PETERSON,**
**a/k/a Bella, and**
**MICHAEL PHILLIPS,**

traveled and caused to travel in interstate commerce and used and caused to use a facility in interstate

commerce, by travel between Pennsylvania and Maryland, with intent to promote, manage, establish,

and carry on, and to facilitate the promotion, management, establishment, and carrying on of an

unlawful activity, said unlawful activity being a business enterprise involving controlled substances

(as defined in section 102(6) of the Controlled Substances Act), and thereafter did perform or

attempt to perform an act to promote, manage, establish, and carry on, and to facilitate the

promotion, management, establishment, and carrying on of said unlawful activity.


18 U.S.C. § 1952
18 U.S.C. § 2

## COUNT THIRTEEN

The Grand Jury for the District of Maryland further charges that:

On or about March 5, 2009, in the District of Maryland and elsewhere, the defendants,

**MATT NICKA,**
**a/k/a Anthony Thacker,**
**a/k/a Grump,**
**a/k/a Matt Smith,**
**a/k/a Matt Marino,**
**a/k/a Matt St. John,**
**a/k/a Morrow,**
**a/k/a Calvin Bartlett,**
**a/k/a Matthew Johnson,**
**a/k/a Surfer Dude, and**
**DAVID D'AMICO,**
**a/k/a Joe Bono,**
**a/k/a O.D.B.,**
**a/k/a John Franklin,**
**a/k/a John Frankland,**
**a/k/a Captain Jack,**

did knowingly, intentionally and unlawfully possess with intent to distribute a mixture and

substance containing a detectable amount of marijuana, a Schedule I controlled substance.

21 U.S.C. § 841
18 U.S.C. § 2

20

## COUNT FOURTEEN

The Grand Jury for the District of Maryland further charges that:

On or about March 18, 2009, in the District of Maryland and elsewhere, the defendants,

**DAVID D'AMICO,**
**a/k/a Joe Bono,**
**a/k/a O.D.B.,**
**a/k/a John Franklin,**
**a/k/a John Frankland,**
**a/k/a Captain Jack, and**
**KEEGAN LEAHY,**

traveled and caused to travel in interstate commerce and used and caused to use a facility in interstate commerce, by travel between Maryland and California, with intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving controlled substances (as defined in section 102(6) of the Controlled Substances Act), and thereafter did perform or attempt to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

18 U.S.C. § 1952
18 U.S.C. § 2

## COUNT FIFTEEN

The Grand Jury for the District of Maryland further charges that:

On or about March 18, 2009, in the District of Maryland and elsewhere, the defendants,

**MATT NICKA,**
**a/k/a Anthony Thacker,**
**a/k/a Grump,**
**a/k/a Matt Smith,**
**a/k/a Matt Marino,**
**a/k/a Matt St. John,**
**a/k/a Morrow,**
**a/k/a Calvin Bartlett,**
**a/k/a Matthew Johnson,**
**a/k/a Surfer Dude,**
**DAVID D'AMICO,**
**a/k/a Joe Bono,**
**a/k/a O.D.B.,**
**a/k/a John Franklin,**
**a/k/a John Frankland,**
**a/k/a Captain Jack, and**
**JEFFREY PUTNEY,**
**a/k/a Jeffy,**
**a/k/a Tom,**
**a/k/a J.P.,**

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a

mixture and substance containing a detectable amount of marijuana, a Schedule I controlled

substance.

21 U.S.C. § 841
18 U.S.C. § 2

22

## COUNT SIXTEEN

The Grand Jury for the District of Maryland further charges that:

Between in or about September 2010 and on or about October 7, 2010, in the District of

Maryland, the defendant,

### ANTHONY MARCANTONI,
### a/k/a Mr. Purple,

did knowingly, intentionally and unlawfully distribute and possess with intent to distribute a

mixture and substance containing a detectable amount of marijuana, a Schedule I controlled

substance.


21 U.S.C. § 841
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1), in the event of the defendants' convictions under Counts One through Sixteen of this Second Superseding Indictment.

### Drug Forfeiture

2.      Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Counts One, Four through Seven, and Nine through Sixteen, each defendant shall forfeit to the United States of America:

      a.      any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

      b.      any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.      The property to be forfeited includes, but is not limited to, the following:

      a.      $30,000,000, in that such sum in aggregate was furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act;

      b.      $64,938.79 in United States funds, seized on June 4, 2010;

      c.      $7,160 in United States currency, seized on March 27, 2009;

      d.      Real property located at 4210 Clarkdale Road, Baltimore, Maryland;

      e.      Real property located at 2151 Trinity Road, Glen Ellen, California; and

      f.        Real Property identified as Map 13, Section 1, legal description 73X20, Block 3675, Lots 30A, Assessment Area 2, located to the rear of the 3900 block of Keswick Road, Baltimore, Maryland.

## Money Laundering Forfeiture

4.      Pursuant to Title 18, United States Code, Section 982(a)(1), and as a result of the offenses set forth in Counts Two, Three and Eight, each defendant shall forfeit to the United States of America all property, real or personal, involved in such offense, and all property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

      a.      A sum of money equal to the value of any property involved in the money laundering offenses for which the defendant(s) have been convicted, which sum shall be at least $2,750,485.18;

      b.      All property constituting the subject matter of the money laundering offenses for which the defendants have been convicted;

      c.      All property used to commit or to facilitate the commission of the money laundering offenses for which the defendant(s) have been convicted;

      d.      All property listed in Paragraphs 3(b)-(f).

## Substitute Assets

5.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be subdivided

           without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the

value of the property charged with forfeiture in paragraph above it is the intent of the United States,

pursuant to Title 21, United States Code, Section 853(p), up to the value of $30,000,000.

21 U.S.C. § 853
18 U.S.C. § 982(a)(1)

_Rod J. Rosenstein /SB_
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

_2 May 2012_
Date

26

AO 442 (Rev. 01/09, MD 6/09)  Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. RWT 10-cr-0777 |
| | ) | |
| Matt Nicka, a/k/a Anthony Thacker, a/k/a Grump, | ) | |
| a/k/a Matt Smith, a/k/a Matt St. John, a/k/a Morrow, | ) | |
| a/k/a Calvin Bartlett | | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     Matt Nicka, a/k/a Anthony Thacker, a/k/a Grump,
a/k/a Matt Smith, a/k/a Matt St. John, a/k/a Morrow, a/k/a Calvin Bartlett

who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

    21:846  Conspiracy to Distribute and Possess with Intent to Distribute 1000 Kilograms or More of Marijuana

    21:853  Forfeiture

Date:  December 16, 2010

                                                                *By: Deputy Clerk*

City and state:   Greenbelt, Maryland                   Felicia C. Cannon, Clerk, U.S. District Court
                                                        *Name and Title of Issuing Officer*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ |
| Date: _____  _____<br>*Arresting officer's signature* |
| _____<br>*Printed name and title* |

AO 442  (Rev. 01/09, MD 6/09)  Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Maryland

RECEIVED
USMS WARRANTS
BALTIMORE, MD
2010 DEC 21  A 2: 47

| United States of America | ) | |
| v. | ) | Case No. RWT 10-cr-0777 |
| | ) | |
| Gretchen Peterson, a/k/a Bella | ) | |
| Defendant | ) | |

## ARREST WARRANT

RECEIVED
U.S. MARSHALS
GREENBELT, MD
2010 DEC 16
12: 14

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Gretchen Peterson, a/k/a Bella

who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

21:846  Conspiracy to Distribute and Possess with Intent to Distribute 1000 Kilograms or More of Marijuana

21:853 Forfeiture

Date:   December 16, 2010

By: Deputy Clerk

City and state:   Greenbelt, Maryland

Felicia C. Cannon, Clerk, U.S. District Court
*Name and Title of Issuing Officer*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ |
| at *(city and state)* _____ |
| Date: _____     _____ |
| *Arresting officer's signature* |
| _____ |
| *Printed name and title* |